In the Matter of ALPHONSO M. LA PERA, as Executor of ERMENEGILDO NAVONE, Deceased. (Proceeding No. 1.) In the Matter of the Accounting of ALPHONSO M. LA PERA, as Executor of ERMENEGILDO NAVONE, Deceased. (Proceeding No. 2.) GIUSEPPINA NAVONE et al., Appellants; EUGENE CANTINO et al., Respondents.— In consolidated proceedings by testator's executor: (1) for judicial instructions as to the propriety and terms of sale of the testator's interest in a business owned by him and Eugene Cantino, as partners; and (2) for the judicial settlement of the executor's account, testator's wife and daughter, Guiseppina Navone and Olimpia Maria Bianchi, who are the sole legatees, appeal from so much of an order of the Surrogate's Court, Nassau County, dated May 23, 1960, as modifies a subpoena duces tecum served by them upon Cantino, by excluding ' therefrom the books and records relating to said business from and after August 1, 1957. Testator and Cantino, as partners, owned and operated a certain restaurant business until testator's death on July 30, 1957. Since testator's death, Cantino has operated the business alone. A written partnership agreement, expiring March 31, 1951, provided that if either partner should die during the term of the partnership, the value of his interest in the partnership should be determined by appraisal and the surviving partner should pay the estate. of the deceased partner the amount of such appraisal within a stated period. Thereafter, without any further written agreement, the business was continued by Cantino and testator until the latter's death. In these proceedings, to which Cantino is not a party, testator's wife and daughter claim in substance, among other things, that the appraisals had pursuant to the afore-mentioned provision are not correct. They also question the applicability of the terms of the partnership agreement to the sale of testator's partnership interest and assert that the estate is entitled to its share in the profits of the business for the period subsequent to testator's death. They served a subpoena duces tecum upon Cantino, seeking, *inter alia,* the production of the books and records of the business for the period following testator's death. A motion by Cantino to vacate the subpoena was granted to the extent of eliminating the production of the books and records for that period. The Surrogate held that the underlying question in the proceedings was whether there was a valid partnership agreement in effect at the time of testator's death and that after the determination of such question the propriety of the production of the records for the period subsequent to the date of death would again be considered. Order insofar as appealed from affirmed, without costs. No opinion. Nolan, P. J., Beldock, Christ and Brennan, JJ., concur.